IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

TIMOTHY L. ASHFORD, PC LLO,
and TIMOTHY L. ASHFORD,

Plaintiffs,

vs.

OFFICE FOR COUNSEL FOR
DISCIPLINE, et al.,

Defendants.

8:19-CV-243

MEMORANDUM AND ORDER

This matter is before the Court on its own review of the complaint filed by Timothy Ashford and his law office (collectively, Ashford), seeking declaratory and injunctive relief with respect to attorney disciplinary proceedings Ashford alleges have been undertaken by the Nebraska Supreme Court's Counsel for Discipline. Filing 1. The Court finds that such relief is barred by the doctrine of *Younger v. Harris*, 401 U.S. 37 (1971) and its progeny, and will dismiss Ashford's complaint.[1]

Briefly summarized, Ashford claims that the Counsel for Discipline has initiated a disciplinary inquiry based on a complaint he says "was filed anonymously by the Douglas County Court on October 3, 2016," allegedly in retaliation for a suit he filed against Douglas County and the judges of that

---

[1] Although the defendants have not answered the complaint, the *Younger* issue is evident, as is the potential for the pendency of this case to interfere with state-court proceedings—so, the Court considers abstention *sua sponte*. See *Robinson v. City of Omaha*, 866 F.2d 1042, 1043 (8th Cir. 1989) (holding that abstention doctrines in general may be raised *sua sponte*); *see also Geier v. Missouri Ethics Comm'n*, 715 F.3d 674, 676 (8th Cir. 2013) (affirming dismissal where the district court abstained *sua sponte* under the *Younger* doctrine).

court, among others. Filing 1 at 5-6; *see* *Ashford v. Douglas Cty.*, 880 F.3d 990 (8th Cir. 2018). Ashford further alleges that a separate disciplinary inquiry has been initiated based on a client complaint that Ashford says is false. Filing 1 at 9-11. Ashford argues Counsel for Discipline is required to recuse himself, and accuses the Office of the Counsel for Discipline of discriminating against him on the basis of race. Filing 1 at 11-12, 21-24.[2] So, Ashford prays for injunction of the disciplinary proceedings, a declaration that Counsel for Discipline cannot "act as a prosecutor and serve as a judge in a preliminary inquiry or a hearing," an order for additional notice regarding the charges against him, and for costs and attorney's fees. Filing 1 at 41-42.

But *Younger* and its progeny "espouse a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982). And "[t]he policies underlying Younger are fully applicable to noncriminal judicial proceedings when important state interests are involved." *Id*. at 432. The importance of the state interest may be demonstrated by the fact that the noncriminal proceedings bear a close relationship to proceedings criminal in nature, and proceedings necessary for the vindication of important state policies or for the functioning of the state judicial system also evidence the state's substantial interest in the litigation.

---

[2] The Court notes that Ashford's complaint also suggests that he sued Counsel for Discipline first in state court, and that this federal lawsuit was initiated only a few days after—and presumably because—his state-court case was assigned to a Douglas County judge. Filing 1 at 31-32. In other words, abstention in this declaratory action is appropriate not only under *Younger*, but at least in part under *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995). *See Lexington Ins. Co. v. Integrity Land Title Co., Inc.*, 721 F.3d 958 967-68 (8th Cir. 2013); *Cincinnati Indem. Co. v. A & K Constr. Co.*, 542 F.3d 623, 625 (8th Cir. 2008).

*Id*. So, where vital state interests are involved, a federal court should abstain unless state law clearly bars the interposition of the constitutional claims. *Id*. The pertinent inquiry is whether the state proceedings afford an adequate opportunity to raise the constitutional claims. *Id*.

And the Supreme Court has expressly held that attorney disciplinary proceedings are ongoing state judicial proceedings. *Id*. at 432-33.[3] So, the Court has explained, the importance of the state's interest in such proceedings calls *Younger* abstention into play, and as "long as the constitutional claims of respondents can be determined in the state proceedings and so long as there is no showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate, the federal courts should abstain." *Id*. at 435.

Here, there is no reason to believe that Ashford's constitutional arguments cannot be presented in the state court proceeding. "Minimal respect for the state processes, of course, *precludes* any presumption that the state courts will not safeguard federal constitutional rights." *Id*. at 431. So, it's not surprising that the overwhelming weight of authority demands *Younger* abstention in these circumstances. *See id*.; *Gillette v. N. Dakota Disciplinary Bd. Counsel*, 610 F.3d 1045, 1049 (8th Cir. 2010); *Plouffe v. Ligon*, 606 F.3d 890, 894 (8th Cir. 2010); *Norwood v. Dickey*, 409 F.3d 901, 904 (8th Cir. 2005); *Neal v. Wilson*, 112 F.3d 351, 357 (8th Cir. 1997); *Dir. of Lawyers Prof'l Responsibility Bd. of State of Minn. v. Perl*, 752 F.2d 352, 353 (8th Cir. 1985). To the extent that Ashford's claims of discrimination suggest Counsel for Discipline has acted in bad faith—that, too, can be raised with the Nebraska

---

[3] That's even more the case in Nebraska than in New Jersey, from where *Middlesex Cty*. arose, because Counsel for Discipline is appointed by the Nebraska Supreme Court. *See* Neb. Ct. R. of Disc. § 3-308. And, in fact, Ashford's arguments *rest* on that fact. *See* filing 1 at 33.

Supreme Court. *See Gillette*, 610 F.3d at 1049; *see also Neal*, 112 F.3d at 357. Nor is there any credible basis to argue that any of the rules challenged by Ashford are so "patently unconstitutional" as to warrant an exception to *Younger*. *See Plouffe*, 606 F.3d at 894.

Accordingly, the Court concludes that *Younger* abstention is appropriate, and will dismiss this case.

IT IS ORDERED:

1. The plaintiffs' complaint is dismissed.

2. A separate judgment will be entered.

Dated this 5th day of June, 2019.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
Chief United States District Judge